McMillan v Out-Look Safety LLC (2025 NY Slip Op 05155)

McMillan v Out-Look Safety LLC

2025 NY Slip Op 05155

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Webber, J.P., Kapnick, Gesmer, Higgitt, Hagler, JJ. 

Index No. 657577/19|Appeal No. 4746|Case No. 2024-05477|

[*1]Eian McMillan et al., Plaintiffs-Respondents,
v
Out-Look Safety LLC, et al., Defendants, Elecnor Hawkeye, LLC, Defendant-Appellant.

Cohen Seglias Pallas Greenhall & Furman, P.C., New York (Jonathan Landesman of counsel), for appellant.
Pelton & Graham, LLC, New York (Taylor B. Graham and Brent E. Pelton of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about July 4, 2025, which, to the extent appealed from, denied defendant Elecnor Hawkeye, LLC's motion for leave to renew its opposition to plaintiffs' motion for class certification, unanimously affirmed, with costs.
Supreme Court properly denied defendant Elecnor's motion to renew. Defendant's argument that Supreme Court erred in not considering Van Osten v HuiCatao Corp. (2024 NY Misc LEXIS 5464, *1-6 [Sup Ct, Queens County, Feb. 9, 2024, No. 709785/2022]) is without merit. Van Osten is a non-binding decision issued 10 days after Supreme Court granted class certification to plaintiffs, which did not constitute a change in the law, and which is also factually inapplicable to the case here. Plaintiffs' failure to exhaust their administrative remedies under the Labor Law is not applicable at the class certification stage and therefore is not a reason to deny a motion for class certification (see Idahosa v MFM Contr. Corp., 239 AD3d 536, 537 [1st Dept 2025]; see also Stanton v Dragonetti Bros. Landscaping Nursery & Florist Inc., 238 AD3d 578, 578 [1st Dept 2025]). Moreover, substantive fairness was not defeated by Supreme Court's order because it was consistent with precedent in this Department (see Idahosa, 239 AD3d at 537; Stanton, 238 AD3d at 578).
Elecnor asserts that it did not waive its right to assert plaintiffs' failure to exhaust administrative remedies as an affirmative defense. However, this issue was not determined by Supreme Court and thus, the issue is not ripe for adjudication.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025